UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States Courts
Southern District of Texas
FILED

MAR 29 2023

Nathan Ochsner, Clerk of Court

DOMING MIRANDA, §
    Plaintiff, §
  §
vs. § COMPLAINT
  § Civil Action No. 23-86
  §
Mr.Holmes, Ms.Flannel, §
Mr.Samaniego, all be- §
ing sued in their offi- §
cial capacities. §
  §

## JURISDICTION & VENUE

This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3).

The United States District Court, Southern District Of Texas, Corpus Christi division is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occured.

## PLAINTIFF

Plaintiff, Domingo Miranda, TDCJ Number 814154, is and was at all times mentioned herein a prisoner of the State of Texas in the custody of the Texas Department of Criminal Justice. He is currently confined at the William G. McConnell Unit in Beeville, Texas.

## DEFENDANTS

Defendant, Mr.Holmes, is the Senior Warden of the William G. McConnell Unit. He is legally responsible for the operation of the William G. McConnell Unit and for the welfare of all inmates in this prison.

Defendant, Ms.Flannel, is the Assistant Warden of the William G. McConnell Unit. She is also legally responsible for the operation of the William G. McConnell Unit and for the welfare of all inmates in this prison.

Defendant, Mr.Samaniego, is the or is also an Assistant Warden of the William G. McConnell Unit. He is also legally responsible for the operation of the William G. McConnell Unit and for the welfare of all inmates in this prison.

Each defendant is sued in his/her official capacities. At all times mentioned in this complaint, each defendant acted under the color of state law.

## FACTS

Plaintiff, inmate, has brought a failure to protect claim against defendants, the Senior Warden, and others.

Plaintiff, alleges that officials conduct amounts to a deliberate indifference for "failure to protect" plaintiff's safety and thus amonuts to a violation of plaintiff's rights under Cruel and Unususal Punishment Clause of the Federal Constitution's Eighth Amendment and seeks a permenant injunction barring plaintiff's future confinement back to general population and be placed under "Protective Custody" immediately. to which defendants have adamantly refused to do.

This penitentiary, William G. McConnell Unit has a history of inmate assaults and killings ( the most recent one, upon information and belief, happened about a month or two ago where an inmate was beaten on the head with a fan motor and died on the way to the hospital).

Therefore, plaintiff can show that he is incarcerated under conditions posing a substantial risk of serious harm. And is assigned to a Maximum-high security institution-penitentiary. See, Helling, supra, at 35,125 L. Ed.2d 22,113 S.Ct.2475. The court has supplemental jurisdiction over plaintiff's state claim (law) under 28 U.S.C. Section 1367.

This is not the first time that plaintiff files a complaint asking for protection from being harmed by gang members (inmates). Back in November 9th,2022, plaintiff's family member called to the prison to make a complaint that plaintiff's life was in great danger. Plaintiff was then housed in Ad. Seg. for investogation under what they call O.P.I.. But because plaintiff wouldn't come forward with detailed information as to was trying to harm him his claims were found to be unsubstantiated. And was released back into general population November 14th,2022.

This time around plaintiff has some what come forward with information as to who is trying to harm him. And yet, defendants have profusely refused to put plaintiff under protective custody.

March 1st,2023, plaintiff approached 18 bldg.-dorm, where he was housed at, picket where at the time C.O.Mr.Glen was assigned to at the time and handed him a hand written note that plaintiff had written saying that he needed to to the administration bldg. to speak to the Prison Rape Elimination Act(PREA) Sgt.Mr.Brako that because my life is great danger and I feared for my life. C.O.Mr.Glen did write me a pass so I could to speak PREA Sgt.Mr.Brako.

When I spoke to Mr.Brako dond his assistant Ms.Rincon I specifically explained to both of them what was going on and wrote out a statement that

2.

my life is in great danger and that I fear for my life. That I'm at great risk of being assaulted/killed by other inmates. Plaintiff has since been placed under O.P.I. (offender Pending Investigation), in Ad.Seg.

March 8th,2023, plaintiff send an I-60 form to PREA Sgt.Mr.Brako requesting that I please be moved to Protective Custody as soon as possible. But to no avail.

On this same day at approximately between the hour of 10:30a.m. & 12p.m. (noon) I was taken to a Unit Classification Committee (U.C.C.) hearing-interview in front of Assist.Warden-Ms.Flannel,U.C.C. staff member-Ms.Immon, and Lt.Barrientes. During this proceeding Warden Flannel asked plaintiff some questions. But every time that plaintiff tried to speak Warden Flannel would interrupt plaintiff by asking another question. It went like this for about five (5) minutes and then she interrupted me for the last time by saying, "None of what you're saying makes any sense and the thing that pisses me off is that you're taking too "fucking" long to explain yourself." The interview ended with Warden Flannel ruling that my claims are unsubstantiated. And that plaintiff is to be released back to general population. Warden Flannel's refusal to place me in safer housing(protective custody) to end my exposure to being assaulted/killed amounts to deliberate indifference to an unreasonable risk of serious harm, in violation of plaintiff's rights under Cruel and Unususal Punishment Clause of the Federal Constitution's Eighth Amendment.

March 9th,2023, Plaintiff filed a step 1 grievance in regards to this matter. Grievance is still pending. As for how I would want for the problem to be resolved, I specifically asked that I don't be released back to general population and that I please placed under protective custody. But as of now it doesn't matter that I filed a step 1 grievance.

March 14th,2023, between the hour of 9:30p.m. & 10:36p.m. I was taken to go talk to Lt.Aleman. He asked me write out another statement on a form that handed me. I verbally specifically maded very clear to Lt.Aleman that, "I'm very scared to go back to general population, and that I fear for my life." Akll All he said was, okay. Reda Read my statement told me to sign it and date it. Thank You, that's all we need.

March 14th,2023, between the hour of approximately 3p.m. & 4p.m. both Lt.Barrientes and Major Tanner came into Pod (section) 12A where plaintiff is housed at, which is Ad.Seg., to sweep up the trash and as they entered an inmate that's housed in the other section next door to 12A (his voice sounded like that of a black inmate) started screaming very,

3.

very, loud saying, "An inmate that y'all are releasing back to population, who's line class status is S3-G2, he's out of there!" This further proves that it's common knowledge among the inmate population in general that plaintiff's life is in great danger. Plaintiff is of the line class of S3-G2.

March 20th, 2023, between the hour of approximately 2:30p.m. & 3:05p.m. again plaintiff was taken in front of U.C.C., this time present were Assist.Warden-Mr.Samaniego and a Classification staff member-(female) name unknown. Warden-Mr.Samaniego asked me why it is that they are after me to try to hurt me? Hi I told him that like I've told all of the other people that have interviewed me, that I don't know if its because of my case? He read the computer print out complaint and said, "Well, I'm just going to rule that they don't house in the place as the person that trying to hurt you." Warden Samaniego's refusal to place me in safer housing (protective custody) to end my exposure to being assaulted/killed amounts to deliberate indifference to an unreasonable risk of serious harm, in violation of plaintiff's rights under Cruel and Unususal Punisment Clause of the Federal Constitution's Eighth Amendment.

March 20th, 2023, plaintiff hadn't been back from U.C.C. an hour when he was told the female C.O. that was passing out Johnnies (sandwiches) to pack up his property that because he was moving back to population. But plaintiff refused to accept new housing, re-assignment back to population. And has been served with a Major Disciplinary Case. And awaiting punishment on this major disciplinary case.

Plaintiff can show that defendants are deliberately, knowingly, and unreasonably disregarding an objectively intolerable risk of harm and that they continue and will continue to do so.

Plaintiff filed a step 1 grievance, and it has done nothing to stop from sending-releasing plaintiff back to general population, even though plaintiff has asked as resolution to please be put under Protective Custody.

Plaintiff's claim under the Cruel and Unusual Punishment Clause will prove not only that challenged conduct is both Cruel and Unusual, but also that it constitutes punishment.

Defendants refusal to adhere to my plea's to be placed under Protective Custody, and that I fear for my life, and that my life is in great danger amounts to deliberate indifference to an unreasonable risk of serious harm, in violation of plaintiff's rights under Cruel and Unusual Punishment Clause of the Federal Constitution's Eighth Amendment.

4.

The Defendants are on notice that refusing to adhere to plaintiff's plea's for help and protection and to be placed under Protective Custody violates plaintiff's rights under Cruel and Unusual Punishment Clause of the Federal Constitution's Eighth Amendment.

The plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the injunctive relief which plaintiff seeks.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this court enter judgement granting plaintiff:

A preliminary and permanant injunction ordering defendants, Senior Warden, Mr.Holmes, Assist.Warden, Ms.Flannel, and Assist.Warden, Mr.Samaniego to stop (bar) from placing plaintiff back into the general population and place plaintiff under Protective Custody immediately and never be released back to general population. And that plaintiff in no way be retaliated against or harassed for filing this lawsuit against defendants.

A jury trial on all issues triable by jury. Any additional relief this court deems just, proper, and equitable.

Respectfully Submitted,

*Domingo Miranda* (signature)

Domingo Miranda
#814154-Pro Se
McConnell Unit
3001 S.Emily Dr.
Beeville, Texas 78102

CC: On File;
   Senior Warden-Mr.Holmes;
   Assist.Warden-Ms.Flannel; and
   Assist.Warden-Mr.Samaniego

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Beeville, Texas on this day 23 of ____March____ 2023.